Youssef H. Hammoud (SBN: 321934)
**THE CREDIT ATTORNEY, INC.**
601 N Parkcenter Dr., Suite 202
Santa Ana, CA 92705
T: (949) 301-9692
F: (949) 301-9693
E: yhammoud@thecreditattorney.com

*Attorney for Plaintiff,*
*Brian Hutter*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRIAN HUTTER<br><br>Plaintiff,<br><br>v.<br><br>PHOENIX FINANCIAL SERVICES, LLC; and PENDRICK CAPITAL PARTNERS LLC.<br><br>Defendants. | Case No. 2:25-cv-2551<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1. FDCPA, 15 U.S.C. § 1692 *et seq.*<br>2. RFDCPA, Cal. Civ. Code. § 1788 *et seq.*<br>3. CCCRAA, Cal. Civ. Code § 1785 *et. seq.*<br>4. FCRA, 15 U.S.C. § 1681 *et seq.*<br><br>(Unlawful Debt Collection Practices) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Brian Hutter ("Plaintiff"), by and through his attorneys, alleges the following against Defendant Phoenix Financial Services, LLC ("PFS") and Pendrick Capital Partners LLC ("PCP).

## INTRODUCTION

1. Counts I and II of Plaintiff's Complaint are based upon the FDCPA and RFDCPA, which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices in connection with the collection of consumer debts.

2. Count III and IV of Plaintiff's Complaint is based upon the Consumer Credit Reporting Agencies Act ("CCRAA"), Cal. Civ. Code § 1785 *et seq*. and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*, which regulate credit reporting agencies and furnishers of information from reporting incomplete or inaccurate information on a consumer's credit report.

**JURISDICTION AND VENUE**

3. The District Court has federal question jurisdiction over these claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 and § 1681.

4. Supplemental jurisdiction of this court arises under 28 U.S.C. § 1367 because the state law claims are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the US Constitution.

5. Because Defendants conduct business within the County of Los Angeles, State of California, personal jurisdiction is established.

6. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

**PARTIES**

7. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

8. Plaintiff is a "consumer" as defined by Cal. Civ. Code § 1785.3(b).

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

10. Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

11. Plaintiff is a natural person residing in Pomona, California.

12. Plaintiff is a "disabled person" as defined in Cal. Civ. Code § 1761(g).

13. Plaintiff, as a natural person allegedly obligated to pay a consumer debt to Defendant, alleged to have been due and owing, is a "debtor" as that term is defined by California Civil Code § 1788.2(h) of the Rosenthal Act.

14. As a partnership, corporation, limited liability company, or other similar entity, Defendants are a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

15. Defendants allege Plaintiff owed it money arising out of medical services performed upon Plaintiff by Defendants for treatment of injuries arising out of an industrial work-place accident, without payment being required at the time of services being rendered, and Plaintiff is informed and believes the money alleged to have been owed to Defendants originated from monetary credit that was extended primarily for personal, family, or household purposes, and is therefore a "debt" as that term is defined by California Civil Code § 1788.2(d) and is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

16. Plaintiff allegedly owed a monetary debt to Defendants, which makes Defendants a "creditor" under California Civil Code § 1788.2(i) of the Rosenthal Act.

17. Upon information and belief, Defendants are attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes due to medical services performed upon Plaintiff to treat injuries arising out of a work-place accident without payment being required at the time of services and was therefore a "consumer credit transaction" within the meaning of California Civil Code § 1788.2(e) of the Rosenthal Act.

18. Because Plaintiff, a natural person allegedly obligated to pay money to Defendants arising from what Plaintiff is informed and believes was a consumer credit transaction due to medical services performed upon Plaintiff to treat injuries arising out of a work-place accident without payment being required at the time of services, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

19. Plaintiff is informed and believes Defendants regularly collect or attempt to collect debts on behalf of itself or others, and is therefore a "debt collector" within the meaning of California Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engages in "debt collection" within the meaning of California Civil Code § 1788.2(b) of the Rosenthal Act.

20. Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

21. At all relevant times herein, Defendant PFS was a company engaged, by use of mails and telephone in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by Cal. Civ. Code § 1788.2(d) and as defined by 15 U.S.C. § 1692a(5). Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6). Defendant can be served at through its agent for service of process, CT Corporation System, located at 330 N. Brand Blvd., Glendale, CA 91203.

22. Defendant PFS is a "person" as the term is defined in 15 U.S.C. § 1681a(b) and Cal. Civ. Code § 1785.3(k).

23. Plaintiff is informed and believes, and thereon alleges, that Defendant PFS acquired Plaintiff's credit information through an unauthorized inquiry of Plaintiff's "consumer report" as that term is defined in 15 U.S.C. § 1681a(d)(1).

24. At all relevant times herein, Defendant PCP was a company engaged, by use of mails and telephone in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by Cal. Civ. Code § 1788.2(d) and as defined by 15 U.S.C. § 1692a(5). Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6). Defendant can be served at through its agent for service of process, CT Corporation System, located at 330 N. Brand Blvd., Glendale, CA 91203.

25. Defendant PCP is a debt buyer that purchases defaulted consumer debts and employs third-party debt collectors, including Defendant PFS, to collect these debts on its behalf.

26. Defendants acted individually and in concert in engaging in unlawful collection activity against the Plaintiff.

27. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

28. On or about April 11, 2018, Plaintiff was injured in a work-related accident which required on-going medical treatment/services.

29. As a result of Plaintiff's work-related injuries, emergency medical services were required.

30. As such, non-party American Medical Response ("AMR") provided emergency medical treatment and/or transportation services to Plaintiff for his workplace injuries.

31. Plaintiff's employer accepted liability for the injuries he suffered at work and therefore, any and all amounts due from the medical treatment and/or services rendered in relation to his work-place injury is not Plaintiff's legal responsibility.

32. On at least one or more occasions, AMR was informed by Plaintiff that the medical treatment/services rendered to him were related to his workplace injury and subject to workers compensation.

33. As such, AMR knew that Plaintiff was not legally responsible for the alleged debt.

34. Despite this, non-party AMR proceeded to sell Plaintiff's alleged debt to a third party.

35. Upon information and belief, in or around 2023, PCP purchased the alleged debt from AMR.

36. In or around January 2024, PCP conveyed information about the alleged debt to Defendant PFS.

37. The information conveyed by PCP to PFS was a communication as defined under the FDCPA, 15 U.S.C. § 1681a(2).

38. At all relevant times, Defendant PCP hired, directed, and authorized Defendant PFS to collect the alleged debt from Plaintiff, and as such, it is liable for actions of its agent.

39. Defendant PCP, in the ordinary course of business, regularly on behalf of itself and/or others, engages in debt collection.

40. Defendant PFS, in the ordinary course of business, regularly on behalf of others, engages in debt collection.

41. On or about February 1, 2024, Defendant PFS obtained a copy of Plaintiff's credit report without a permissible purpose.

42. Plaintiff did not conduct any business transaction with nor incur any additional financial obligations to Defendants.

43. Plaintiff does not owe Defendants nor any other entity any amount of money for the alleged debt from AMR, as Plaintiff is not legally responsible for the alleged debt.

44. As such, Defendant PFS used Plaintiff's consumer report for an impermissible purpose that falls outside the scope of the FCRA.

45. In or around March 2024, Defendant PFS began to furnish information to non-party Experian Information Solutions, Inc., one of the three major credit reporting agencies, stating that Plaintiff had a collection account with a past due amount of $2,620.

46. PFS was reporting inaccurate information to the credit reporting ageny(ies) because Plaintiff was not legally responsible for the alleged debt, his employer and/or workers compensation insurance carrier was.

47. Upon information and belief, Defendant PFS furnished inaccurate information to one or more credit reporting agency on a monthly and/or bi-monthly basis from January 2024 through at least November 2024.

48. Each and every time Defendant PFS furnished inaccurate information about the alleged debt is a separate and distinct violation of the CCRAA.

49. In or around November 2024, PFS sent Plaintiff a collection letter attempting to collect on the alleged debt.

50. The collection letter was attempting to collect on an alleged debt of $2,620.23.

51. The alleged debt was attempting to collect an amount not legally owed by the Plaintiff.

52. Upon information and belief, Plaintiff's medical file/notes related to the alleged debt indicated that Plaintiff's injury was the result of a workplace accident, and that Plaintiff had an on-going workers compensation case.

53. As such, Defendants were aware that Plaintiff's injury was a workplace accident subject to workers compensation yet unlawfully continued to attempt to collect from Plaintiff directly.

54. Despite knowing that Plaintiff's injury was a workplace accident subject to workers compensation, Defendants attempted to collect from Plaintiff directly and sent Plaintiff bill(s) attempting to collect on an alleged debt he is not legally responsible for.

55. Having been advised by Plaintiff and/or the medical staff at the time of treatment, Defendants possessed specific information regarding Plaintiff's

injury, including the fact that it was a work-related injury; a critical fact which Defendants knew or should have known.

56. Defendants engaged in debt collection by sending Plaintiff collection letters and furnishing inaccurate information related to the medical treatment/services rendered to him for his workplace injury.

57. Due to Defendants' abusive actions, Plaintiff suffered from emotional and mental pain and anguish, including but not limited to, stress, anxiety, fear, and confusion.

58. Moreover, Defendant PFS' reporting of a collection account on Plaintiff's credit report(s) caused his credit score, and/or credit worthiness to be negatively impacted.

59. Defendant PFS' reporting of a collection account with a past due balance negatively impacted Plaintiff's debt-to-income ratio, giving the misleading impression that Plaintiff owed an alleged debt that he was not legally responsible for.

60. Plaintiff was under the belief that all medical treatment/services he received that were related to his workplace injury were not his responsibility and would be paid for by his employer, which is what the law mandates.

61. Plaintiff understood from his workers compensation attorney that he was not responsible for the medical service related to his workplace injury, but the repeated collection efforts caused him to doubt him attorney.

62. Defendants had in its possession all information necessary to properly handle the correct billing for the treatment, and despite this, Defendants sent Plaintiff collection letters in an attempt to collect on a debt(s) Plaintiff is not legally responsible for.

63. The RFDCPA is a "state version" of the FDCPA that "mimics or incorporates by reference the FDCPA's requirements," including sections 1692d through 1692f, "and makes available the FDCPA's remedies for violations." *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012).

64. The RFDCPA is a strict liability statute. *Garcia v. Creditors Specialty Serv.,* No. 14-cv-01806-BLF, 2016 U.S. Dist. LEXIS 159686, at *15 (N.D. Cal. Nov. 2016).

65. Defendants attempted to collect a debt regarding Plaintiff's medical treatment/services stemming from a work-related injury covered by workers' compensation.

66. Defendant PCP is vicariously liable for the unlawful actions of Defendant PFS because it exercised control over its. Collection efforts and financially benefited from its conduct.

67. Plaintiff has the interest and right to be free from collection efforts on debts Plaintiff does not owe.

68. Plaintiff has the interest and right to be free from the fear of being sued on debts Plaintiff does not owe.

69. Plaintiff has the interest and right to be free from the fear of being placed in collections on debts Plaintiff does not owe.

70. Plaintiff has the interest and right to be free from deceptive and/or misleading communications from debt collectors, including Defendants.

71. Defendants deprived Plaintiff of these rights.

72. The alleged debt(s) Defendants are attempting to collect cannot be lawfully collected from Plaintiff and as a result, the medical bills, statements, collection letters, and collection calls contain false, deceptive, and misleading representations.

73. Defendants engaged in unfair and/or deceptive acts and/or unfair methods of competition by attempting to collect amounts that cannot lawfully be collected from Plaintiff.

74. Defendants conduct as described in this Complaint was willful, with the purpose to either harm Plaintiff or with reckless disregard for the harm to Plaintiff that could result from Defendants' conduct.

75. Plaintiff justifiably fears that, absent this Court's intervention Defendants will continue to use abusive, deceptive, unfair, and unlawful means in their attempts to collect the alleged debts and other alleged debts.

76. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause Plaintiff unwarranted harm to Plaintiff's credit rating.

77. Plaintiff justifiably fears that, absent this Court's intervention, Defendants will ultimately cause Plaintiff to be sued for debts Plaintiff does not owe.

78. As a result of Defendants conduct, Plaintiff wasted time, was caused to be confused and unsure as to Plaintiff's rights, and ultimately sought counsel and advice causing Plaintiff the risk of incurring damages including reasonable attorneys' fees in reviewing Plaintiff's rights under the law and prosecuting this claim.

79. As a result of Defendants conduct, Plaintiff's counsel was caused to expend time, energy, and money to investigate Plaintiff's rights under the law and the legitimacy of the alleged debt.

80. The deprivation of Plaintiff's rights will be redressed by favorable decision herein.

81. As a result of Plaintiff's workplace injury, he has a physical impairment that substantially limits one or more major life activities, including, but not limited to, caring for himself, performing manual tasks, walking, and working.

**COUNT I**
**ALL DFENDANTS**
**(Violations of RFDCPA, CAL. CIV. CODE § 1788 *et seq*.)**

82. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

83. Defendant violated the RFDCPA. Defendants' violations include, but are not limited to, the following:

a. Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

    a. Defendant violated 15 U.S.C. § 1692d, by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection a debt.

    b. Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

c. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of any debt.

d. Defendant violated 15 U.S.C. § 1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

e. Defendant violated 15 U.S.C. § 1692e(10), by using false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer.

f. Defendant violated 15 U.S.C. § 1692f, by using unfair or unconscionable means to collect or attempt to collect any debt.

g. Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect any amount (including any interest, fee, charge or expense incidental to the principal obligation) that is not permitted by law.

84. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

85. As a result of the foregoing violations of the RFDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

**COUNT II**
**All Defendants**
**(Violations of FDCPA, 15 U.S.C. § 1692 *et seq*.)**

86. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

87. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

a. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection a debt.

b. Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of any debt.

c. Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of any debt.

d. Defendant violated 15 U.S.C. § 1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be

false, including the failure to communicate that a disputed debt is disputed.

e. Defendant violated 15 U.S.C. § 1692e(10) by using false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer.

f. Defendant violated 15 U.S.C. § 1692f, by using unfair or unconscionable means to collect or attempt to collect any debt.

g. Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect any amount (including any interest, fee, charge or expense incidental to the principal obligation) that is not permitted by law.

88. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

89. As a result of the foregoing violations of the FDCPA, Defendants are liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

**COUNT I**
**Defendant Phoenix Financial Services LLC**
**(Violations of the Cal. Civ. Code § 1785 *et seq.*)**

90. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

91. Defendant violated the CCRAA. Defendants' violations include, but are not limited to, the following:

92. Defendant violated Cal. Civ. Code § 1785.25(a) by furnishing information on a specific transaction or experience to any consumer credit reporting if the person knows or should know the information is incomplete or inaccurate.

93. Defendant's acts, as described above, were done willfully and knowingly.

94. Consequently, Defendant are liable to Plaintiff for actual damages, punitive damages, and attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31.

**COUNT I**
**Defendant Phoenix Financial Services LLC**
**(Violations of the FCRA 15 U.S.C. § 1681 *et seq.*)**

95. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

96. Defendant violated the FCRA. Defendants' violations include, but are not limited to, the following:

97. Defendant violated 15 U.S.C. § 1681b(f)(1) by obtaining Plaintiff's consumer report without a permissible purpose.

98. Defendant's acts, as described above, were done willfully and knowingly.

99. Consequently, Defendant is liable to Plaintiff for actual damages, statutory damages, punitive damages and attorneys' fees and costs pursuant to 15 U.S.C. § 1681n and § 1681o.

## PRAYER OF RELIEF

**WHEREFORE**, Plaintiff Brian Hutter, respectfully requests judgment be entered against Defendants for the following:

A. Declaratory judgment that Defendants violated the FDCPA;

B. Statutory damages against Defendants of $1,000.00 pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(2)(A);

C. Actual damages against Defendants pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(1);

D. Costs and reasonable attorneys' fees against Defendants pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(3);

E. Declaratory judgment that Defendants violated the RFDCPA;

F. Statutory damages against Defendants of $1,000.00 pursuant to the RFDCPA, Cal. Civ. Code §1788.30(b);

G. Actual damages against Defendants pursuant to Cal. Civ. Code §1788.30(a);

H. Costs and reasonable attorneys' fees against Defendants pursuant to the RFDCPA, Cal. Civ. Code §1788.30(c);

I. Declaratory judgment that Defendant PFS violated the CCRAA;

J. Actual damages against Defendant PFS pursuant to the CCRAA, Cal. Civ. Code § 1785.31(a)(1) and § 1785.31(a)(2)(A);

K. Punitive damages against Defendant PFS of $5,000 per violation pursuant to the CCRAA, Cal. Civ. Code § 1785.31(a)(2)(B);

L. Costs and reasonable attorneys' fees against Defendants pursuant to the CCRAA, Cal. Civ. Code §1785.31(a)(1);

M. Declaratory judgment that Defendant PFS violated the FCRA;

N. Actual damages against Defendant PFS pursuant to the FCRA, 15 U.S.C. § 1681o(a)(1);

O. Statutory damages against Defendant PFS of $1,000 pursuant to the FCRA, 15 U.S.C. § 1681n(a)(1)(A);

P. Punitive damages against Defendant PFS of $1,000 pursuant to the FCRA, 15 U.S.C. § 1681n(a)(2);

Q. Costs and reasonable attorneys' fees against Defendant PFS pursuant to the FCRA, 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2);

R. Treble damages pursuant to Cal. Civ. Code § 3345;

S. Punitive damages to be determined at trial, for the sake of example and punishing Defendant for their malicious conduct, pursuant to Cal. Civ. Code § 3294(a);

T. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

U. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

Respectfully submitted this 24th day of March 2025.

By: */s/ Youssef H. Hammoud*
Youssef H. Hammoud (SBN: 321934)
**THE CREDIT ATTORNEY, INC.**
601 N Parkcenter Dr., Suite 202
Santa Ana, CA 92705
T: (949) 301-9692
F: (949) 301-9693
E: yhammoud@thecreditattorney.com

*Attorney for Plaintiff,*
*Brian Hutter*